IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-21-1546 |
| DUMEBI KACHIKWU, | * | |
| and | * | |
| SOMACHI KACHIKWU, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff United States of America brought this action against Defendants Dumebi and Somachi Kachikwu to collect unpaid federal income taxes for the years 2009–2011. ECF No. 1. Following Defendants' failure to answer or otherwise defend in this action, the Clerk of the Court entered default against the Defendants on September 23, 2021. ECF No. 9. Now pending before the Court is the Government's Request to Enter Default Judgment. ECF No. 12. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's motion for default judgment is granted.

**I.      BACKGROUND**

Defendants Dumebi and Somachi Kachikwu are taxpayers living in Montgomery County, Maryland. ECF No. 1 ¶¶ 4–5. In May 2011 and August 2012, a delegate of the Secretary of the Treasury of the United States assessed federal income taxes against the Defendants together for unpaid taxes for the 2009 tax period. *Id.* ¶ 7. In April 2012 and May 2017, the delegate assessed

1

federal income taxes against Dumebi[1] for unpaid taxes for the tax periods ending in 2010 and 2011. *Id.* ¶ 13. The delegate gave Defendants "notice and demand for payment" for all relevant assessments owed to the United States. *Id.* ¶¶ 8, 14. However, to date, Defendants have failed to pay the amounts set forth by the delegate. *Id.* ¶¶ 10, 16.

The Government filed a Complaint seeking the outstanding tax assessments on June 22, 2021, and Defendants were personally served with the Summons and Complaint on June 26, 2021. ECF No. 1; ECF No. 6; ECF No. 7. The Clerk of Court entered default against Defendants on September 23, 2021. ECF No. 9. The United States submitted its Request to Enter Default Judgment Under Rule 55(B)(1) on March 17, 2022. ECF No. 12.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments. Pursuant to Rule 55(b)(1), the Clerk must enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In all other cases, the party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).[2] Although the Fourth Circuit has a "strong policy" that cases be decided on the merits, default judgment is available "when the adversary process has been halted because of an essentially unresponsive party." *Disney Enterprises, Inc. v. Delane*, 446 F. Supp. 2d 402 (D. Md. 2006) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

When default occurs, "the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422. Thus,

---

[1] The Court will refer to the parties by first name as necessary to avoid confusion among multiple parties with the surname Kachikwu.

[2] The Government asks the Clerk to enter a default judgment for a specific amount of delinquent taxes under Rule 55(b)(1); however, the Court will exercise its discretion in deciding the issue pursuant to Rule 55(b)(2). *See United States v. Zen Enterprises, Inc.*, No. CV DKC 19-3294, 2021 WL 3112931, at *2 (D. Md. July 22, 2021); *Hanover Ins. Co. v. Persaud Companies, Inc.*, No. 13-1472-GJH, 2015 WL 4496448, at *2 (D. Md. July 22, 2015).

the court first determines whether the unchallenged factual allegations constitute a legitimate cause of action. *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). In doing so, courts typically apply the *Iqbal/Twombly* pleading standard. *See Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011) (finding *Iqbal* "relevant to the default judgment inquiry"). Under that standard, a complaint fails to state a claim entitling the pleader to relief if the complaint offers only "labels and conclusions" or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal marks omitted).

If liability is established, the court then makes an independent determination of damages. *Agora Fin., LLC*, 725 F. Supp. 2d at 494. "A plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence." *United States v. Moschonas*, No. CV DKC 19-0332, 2020 WL 6545884, at *2 (D. Md. Nov. 6, 2020) (citation omitted). The relief granted in a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012) (citing Fed. R. Civ. P. 54(c)). "The rationale is that a default judgment cannot be greater than the specific amount sought because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

## III.  DISCUSSION

As noted previously, the Court must assess whether the Government has plausibly alleged Defendants' outstanding tax liabilities and whether the damages asserted are sufficiently supported by the evidence. The Government alleges that Defendants Dumebi and Somachi,

together, and Dumebi, individually, owe outstanding federal taxes and accrued interest to the United States. *See* ECF No. 12-1; ECF No. 12-4.

Official tax assessments carry a legal presumption of correctness with regards to both tax liability and the specific amount owed. *Zen Enterprises*, 2021 WL 3112931, at *3. A sworn declaration by Internal Revenue Service (IRS) Revenue Officer James E. Miller establishes a sum certain through records showing the outstanding income tax assessment and accrued interest for the tax period ending in 2009 against Dumebi and Somachi, and the outstanding income tax assessments and accrued interest for the tax periods ending in 2010 and 2011 against Dumebi. ECF No. 12-1. As of March 2, 2022, the Government charges that Dumebi and Somachi together owe $56,389 in unpaid taxes, "with statutory additions and interest accruing after that date until paid in full." ECF No. 12 at 3. As of the same date, Dumebi owes $2,026,111, "with statutory additions and interest accruing after that date until paid in full." *Id.* Accordingly, the Government's motion for default judgment will be granted.

Having established Defendants' liability, the Court considers the Government's request to recover the full amount owed plus any statutory additions and accrued interest. The amount for each outstanding tax assessment provided by Officer Miller, ECF No. 12-1 ¶¶ 5, 8, matches the "account balance plus accruals" provided in the IRS "Account Transcript" provided by the Government. *See* ECF No. 12-4. Thus, default judgment will be entered against Domebi and Somachi for $56,389, and against Domebi for $2,026,111, for outstanding tax assessments as of March 2, 2022. The judgment will also include any statutory additions and interest accrued since that date until paid in full. *See United States v. Moschonas*, No. CV DKC 19-0332, 2020 WL 6545884, at *3 (D. Md. Nov. 6, 2020) (providing default judgment for unpaid taxes owed at the time of assessment plus "interest and statutory additions accruing after that date").

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted. A separate Order follows.


Date: <u>January  11, 2023     </u>                                   <u>     /s/                                        </u>
                                                                                          GEORGE J. HAZEL
                                                                                          United States District Judge